```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

GEORGE J. HAYWARD, et al.,      :      NO. 1:08-CV-00244
                                :
    Plaintiffs,               :
  v.                            :      **OPINION AND ORDER**
                                :
                                :
GENWORTH LIFE INSURANCE         :
COMPANY, et al.                 :
                                :
    Defendants.               :

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint (doc. 16), and Defendants' Response in Opposition (doc. 17). Also before the Court is Defendants' 12(c) Motion for Partial Dismissal of Plaintiffs' Complaint (doc. 7), Plaintiffs' Response in Opposition (doc. 9), and Defendants' Reply in Support (doc. 11). For the reasons stated herein, the Court GRANTS Plaintiffs' Motion to Amend (doc. 16), and DENIES AS MOOT Defendants' Motion to Dismiss (doc. 7).

This matter arises out of the denial of a policy of Long Term Health Care insurance by Defendant, Genworth Life Insurance (doc. 1). Plaintiffs filed a complaint alleging six claims against Defendants (doc. 2), and thereafter, Defendants filed a motion, pursuant to Rule 12(c), to dismiss Counts Three (estoppel), Four (fraud), and Five (violation of the Ohio Consumer Sales Practices Act ("OCSPA")) (doc. 7). While this motion was pending, Plaintiffs filed a motion to amend the complaint, under Federal Rule of Civil Procedure 15(A) (doc. 16). Plaintiffs' proposed amended complaint

would remove Count Five, remove Genworth Financial Inc., Long Term Care Insurance Division as a Defendant, as well as set forth with more specificity the allegations of Counts Three and Four (Id.). Plaintiffs argue that their proposed amendments would not prejudice Defendants (Id.). Defendants do not object to the removals, but do object to the proposed amendments to Counts Three and Four (doc. 17). Defendants argue that these amendments should not be allowed because they would be futile and would not survive a motion to dismiss (Id.).

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that such leave "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is to be liberally granted, except where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party or futility of the proposed amendment. Forman v. Davis, 371 U.S. 178 (1962); Brumbalough v. Camelot Care Centers, Inc., 427 F.3d 996 (6th Cir. 2005). Under this standard, the Court finds Plaintiffs' motion well taken. The Court does not agree with Defendants' contention that amendments to Counts Three and Four would be futile. Defendants are free to move for dismissal of these claims once the amended complaint is filed.

For the foregoing reasons, the Court GRANTS Plaintiffs'

2

Motion for Leave to Amend Complaint (doc. 16), and DENIES AS MOOT Defendants' Motion to Dismiss Counts Three, Four, and Five of Plaintiffs' Complaint.  The Court GRANTS Defendants leave to re-file their motion after Plaintiffs' Amended Complaint is docketed.

SO ORDERED.


Dated: January 21, 2009  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge